AUSA Kelley

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 614-584-4273 WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY 310260546964086 | Case No. 2:23-mj-541<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Bryan C. Hawkins, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 614-584-4273, with International Mobile Subscriber Identity 310260546964086, with listed subscriber Jeremiah PLEASANT (the "Target Cell Phone"), whose service provider is T-Mobile and Sprint Communications, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Deputy United States Marshal and Task Force Officer with the United States Marshals Service (USMS) and have been since February 2019. I am currently assigned to the USMS Southern Ohio Fugitive Apprehension Strike Team (SOFAST). I am also a Deportation Officer with United States Immigration and Customs Enforcement and have been since January 2012. I received training related to the enforcement of the laws of the United States at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in January 2012. I received additional training in fugitive apprehensions at FLETC in January and December 2015. I also received training provided by USMS on fugitive investigations and apprehension techniques. Through my training, education, and experience, I have become familiar with the way fugitives utilize cellular telephones to aid in eluding capture.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Jeremiah D. Pleasant (PLEASANT) has violated 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), 841(b)(1)(D); and 18 U.S.C. §§ 922(g)(1) and 924(a)(8). PLEASANT was charged by indictment with these crimes on May 23, 2023 and is the subject of an arrest warrant issued on May 23, 2023. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting PLEASANT, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the United States Marshals Service, is conducting a fugitive investigation in support of a criminal investigation of PLEASANT regarding possible violations of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), 841(b)(1)(D); and 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

8. On or about May 23, 2023, a federal grand jury in the Southern District of Ohio indicted PLEASANT in *United States of America v. Jeremiah D. Pleasant*, Case No. 2-23-CR-120, for Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), and 841(b)(1)(D), Possession with Intent to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). PLEASANT remains at large.

9. On May 25, 2023, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE) referred this fugitive investigation to USMS SOFAST. On June 29, 2023, at approximately 12:15pm, Deputy US Marshals (DUSM) Ross and Williams conducted surveillance on PLEASANT's last known residence in Westerville, OH. DUSM Williams observed from his vantage point outside the residence that there were no personal belongings inside the residence. I then performed numerous queries of various law enforcement databases to determine the most likely address at which PLEASANT currently resides. These database checks provided no useful information.

10. On July 19, 2023, I served Meta Platforms, Inc. with a Pen Register/Trap and Trace (PRTT) Order issued by the United States District Court for the Southern District of Ohio for the Facebook account belonging to PLEASANT. On September 5, 2023, I received an Internet Protocol (IP) address assigned to a T-Mobile and Sprint Communications cellular telephone pursuant to the July 19, 2023 PRTT Order.

11. On September 12, 2023, USMS served T-Mobile and Sprint Communications a Court Order issued by the United States District Court for the Southern District of Ohio pursuant to 18 U.S.C. § 2703(d) for subscriber, account, device, and billing details associated with the IP address received from the July 19, 2023 PRTT Order. On September 20, 2023, T-Mobile and Sprint Communications provided me with the requested subscriber, account, device, and billing details. According to T-Mobile and Sprint Communications, the cellular telephone call number assigned to the account is 614-584-4273 and the subscriber of the account, since January 24, 2023, is Jeremiah Pleasant at 1874 Nason Ave., Columbus, Ohio 43207.

12. Based on the foregoing, there is probable cause to believe that the collection of location information for the cellular telephone assigned call number 614-584-4273 for 30 days will allow USMS the appropriate amount of time to locate and safely apprehend PLEASANT.

13. In my training and experience, I have learned that T-Mobile and Sprint Communications is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14. Based on my training and experience, I know that T-Mobile and Sprint Communications can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile and Sprint Communications' network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that T-Mobile and Sprint Communications can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile and Sprint Communications typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the

extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court direct T-Mobile and Sprint Communications to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile and Sprint Communications. I also request that the Court direct T-Mobile and Sprint Communications to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile and Sprint Communications' services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile and Sprint Communications' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile and Sprint Communications for reasonable expenses incurred in furnishing such facilities or assistance.

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Bryan C. Hawkins
Special Deputy United States Marshal
United States Marshals Service


Subscribed and sworn to before me on ___October 2___, 2023

UNITED STATES MAGISTRATE JUDGE

AUSA Kelley

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 614-584-4273, with International Mobile Subscriber Identity 310260546964086, with listed subscriber Jeremiah Pleasant (the "Target Cell Phone"), whose wireless service provider is T-Mobile and Sprint Communications, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile and Sprint Communications, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

AUSA Kelley

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile and Sprint Communications, T-Mobile and Sprint Communications is required to disclose the Location Information to the government. In addition, T-Mobile and Sprint Communications must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile and Sprint Communications' services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile and Sprint Communications' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile and Sprint Communications for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting Jeremiah D. Pleasant, who was charged with violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), 841(b)(1)(D); and 18 U.S.C. §§ 922(g)(1) and 924(a)(8) on May 23, 2023, is the subject of an arrest warrant issued on May 23, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).]

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.